Randal Lee ESSLINGER, Plaintiff—Appellant,

v.

Dr. WORRALL; Dr. David Halladay; Roger Hughes, Defendants— Appellees,

and

Bill Parker; et al., Defendants.

No. 02–36001.

D.C. No. CV–01–00237–A–JKS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

Randal Lee Esslinger, pro se, Torne Bay, AK, for Plaintiff–Appellant.

Marilyn J. Kamm, Attorney General's Office, Juneau, AK, John K. Bodick, Attorney General's Office, Anchorage, AK, for Defendants–Appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Randal Lee Esslinger, a former Alaska state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that his Fourteenth

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and Eighth Amendment rights were violated by prison health care providers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both dismissals and summary judgments. *Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam). We affirm.

The district court properly dismissed Esslinger's claims that defendant Hughes refused to treat his alleged shoulder injury and failed to follow an unspecified Department of Corrections policy. *See Jones v. Cmty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir.1984) (affirming dismissal of section 1983 claim where plaintiff's "allegations [were] conclusional and unsupported by any facts").

The district court properly granted summary judgment on Esslinger's procedural due process claim against the doctors because Esslinger presented no evidence showing that the doctors placed him in administrative segregation or a mental hospital facility, or were responsible for procuring a classification hearing for him. *See Witherow v. Paff,* 52 F.3d 264, 266 (9th Cir.1995) (per curiam) (affirming summary judgment because plaintiff's "speculation does not create a factual dispute"); *cf. Alaska Admin. Code tit.* 22, § 05.253(b) (requiring that treating psychiatrist merely *"testify"* at the [classification] hearing before the independent decision-maker") (emphasis added).

Esslinger's substantive due process claim fails because he did not raise a genuine issue of material fact of whether the taking of duly-prescribed non-antipsychotic medications, Depakote and Neurontin, constituted an "atypical and significant hardship." *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The district court properly granted summary judgment on Esslinger's claim that the doctors violated his Eighth Amendment rights by diagnosing him as mentally ill and prescribing Depakote and Neurontin. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989) ("A difference of opinion does not amount to a deliberate indifference to [an inmate's] serious medical needs."). Moreover, Esslinger failed to present any evidence that the temporary elevation of his liver enzyme level caused him any serious harm. *See Witherow,* 52 F.3d at 266.

Esslinger's claim that his Eighth Amendment rights were violated when his bedding was allegedly temporarily withheld fails. *See May v. Baldwin,* 109 F.3d 557, 565 (9th Cir.1997) (holding that the temporary deprivation of outdoor exercise did not violate the Eighth Amendment). Similarly, Esslinger's claim for emotional damages arising from the alleged mislabeling of him as "mentally ill" fails because he did not demonstrate the requisite de minimis physical injury. *See* 42 U.S.C. § 1997e(e); *Oliver v. Keller,* 289 F.3d 623, 627 (9th Cir.2002).

**AFFIRMED.**